**Matter of FLORIDA EAST COAST RAIL-
WAY COMPANY, Debtor.**

No. 4827–J.

United States District Court
S. D. Florida.

July 19, 1955.

Russell L. Frink, Jacksonville, Fla., for trustee.

John B. L'Engle, Jacksonville, Fla., for F. E. C. Ry. Co.

Giles J. Patterson, Patterson, Freeman, Richardson & Watson, Jacksonville, Fla., for St. Joe Paper Co.

Edward W. Bourne, Alexander & Green, New York City, and C. C. Howell, Howell & Kirby, Jacksonville, Fla., for A. C. L. R. Co.

Willard P. Scott, Oliver & Donnally, New York City, and J. Turner Butler, Jacksonville, Fla., and J. T. G. Crawford, Crawford & May, Jacksonville, Fla., for Lynch interests.

H. Plant Osborne, Osborne, Copp & Markham, Jacksonville, Fla., and Paul B. Barringer, Jr., Jackson, Nash, Brophy, Barringer & Brooks, New York City, for Guaranty Trust Co. of N. Y. and Arthur E. Burke, Trustees under the First Mortgage.

Chester Bedell, Bedell & Bedell, Jacksonville, Fla., and Clifton S. Thomson, Appleton, Rice & Perrin, New York City, for The Bank of Manhattan Co. and J. Bryson Aird, Trustees under the First and Refunding Five Percent Mtg.

Howard P. Macfarlane, Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for F. K. Conn et al.

694

Miller Walton, Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., for W. G. Welbon et al.

Fred H. Kent, Adair, Ulmer, Murchison, Kent & Ashby, Jacksonville, Fla., for Trustees of Estate of Alfred I. duPont, deceased.

SIMPSON, District Judge.

As a result of the opinion, Atlantic Coast Line R. Co. v. St. Joe Paper Co., 216 F.2d 832 and mandate of the U. S. Court of Appeals for the Fifth Circuit, reversing this Court's order of June 28, 1954, D.C., 127 F.Supp. 278, it becomes necessary for this Court to consider the proper future steps in this litigation, both here and before the Interstate Commerce Commission. That is to say, I am required to consider, under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, as now interpreted and applied to this litigation by the Supreme Court of the United States, 347 U.S. 298, 74 S.Ct. 574, 98 L.Ed. 710, and by the Court of Appeals, what may and what should be done to bring this reorganization to a lawful, orderly and fair conclusion. To accomplish this purpose, shortly after the mandate of the Court of Appeals was filed in this Court on March 24, 1955, the matter was set for hearing on April 27th, last. The contentions and positions of the interested parties, as manifested by the various pleadings filed, by their briefs, and by oral argument were fully explored and examined. Upon a statement by the Court that the entire record and proceedings in the reorganization, here and before the Interstate Commerce Commission, and before the appellate courts, and in the former receivership proceedings here, would all be noticed judicially, counsel for each of the parties represented at this hearing stated they would have no testimony or other proofs to offer (one document was received in evidence without objection upon the offer of St. Joe Paper Company. This was the stenographer's transcript of a conference between the Reorganization Trustee, John W. Martin, and certain interested citizens and public officials of Miami and Dade County, Florida, held in the Trustee's office on February 15, 1955). At the conclusion of an all day hearing, the matters submitted were taken under advisement, with leave granted the parties to file briefs and reply briefs thereafter. Certain of the matters submitted have already been disposed of by the Court and will not be alluded to in this opinion. However, the core of the controversy remains to be decided.

I. Controlling Principles

The matters submitted, the proceedings thereon, and my proposed rulings (hereinafter outlined) thereon are, in the main, related and interdependent, one upon the other. I consider it appropriate, therefore, to make certain observations generally applicable to each of the matters raised, and then to indicate my rulings on the separate matters.

Any apparent ambiguity in Mr. Justice Frankfurter's Footnote 12, 347 U.S. 309, 74 S.Ct. 581, is not left open for this Court's interpretation. It is now interpreted for me by the per curiam opinion of the Court of Appeals of last November, supra. The Supreme Court says that the Debtor remains a live and going concern, and that "it follows from the consistency clause, when viewed in the light of this corporate continuity of a railroad in reorganization, that those who in the absence of § 77 would wield the corporate merger powers must initiate and work out the merger now." The implication is plain: the officers and directors of the Debtor are the ones entitled to initiate and work out a merger.

The per curiam opinion of the Court of Appeals after asserting that the Debtor's stock is and has been held many times to be worthless, without value, proceeds: "The only value that this stock has is of an unreal quality, which it derived instantly from the Supreme Court's opinion of April 5, 1954, just as Pallas Athene fully armed stepped out of the head of Zeus." [216 F.2d

834] The failure of the District Court opinion of June 28, 1954, to recognize this artificial value or the disregard of its effect by the District Court is the *ratio decidendi* of the per curiam opinion, as I read it. The per curiam opinion holds that the Debtor's answer to the petition which instituted this reorganization in which the Debtor asked to be relieved from any duty under Section 77 to file a plan of reorganization, and this Court's order granting the prayer did no more than relieve the Debtor of the duty to initiate a plan.

Thus, it is my view that under the teachings of the appellate courts, the officers and directors of the Debtor must not now be trammeled or impeded by any order of this Court, seeking to enjoin any action on their part, or even seeking to limit or circumscribe in any way the powers and duties which I am now told they possess.[1]

My duty is clear under the mandate of the Court of Appeals. I must disapprove the Interstate Commerce Commission's Fourth Amended Plan (approved by the Commission July 12, 1951, certified to the Court on October 25, 1951). The conclusions and opinions therefor (required under 77, sub. e, to be set forth), are those given above, the compulsion exerted by the opinions and mandates of the Supreme Court of the United States and of the Court of Appeals for the Fifth Circuit. I find that the Atlantic Coast Line Railroad Company is a party in interest and on the motion of the Atlantic Coast Line I must refer the proceedings back to the Commission for further action. All motions, petitions, prayers for affirmative relief and similar matters raised by the various interested bondholders must be denied and refused.

## II. Matters Before the Court

For clarity the specific matters raised by the various interested parties, and my ruling thereon, are now set forth.

1. The Atlantic Coast Line's motion (filed March 25, 1955) asks the Court:

(a) To vacate this Court's order of March 11, 1952, except for the portion thereof disapproving the Amended Fourth Plan;

(b) To refer the proceedings back to the Interstate Commerce Commission for further action as contemplated under Section 77, sub. e, of the Bankruptcy Act; and

(c) To transmit to the Commission the transcript of proceedings here June 21, 1954 and February 1952 (which resulted in this Court's order and opinion of March 11, 1952).

This motion is granted in each aspect thereof.

2. The prayers for affirmative relief contained in the answer of St. Joe Paper Company to the Atlantic Coast Line's motion (filed April 14, 1955) are each denied. The right of the Atlantic Coast Line to initiate, propose, adopt or consent to a plan of reorganization, and the right of the officers and directors of the Debtor to do likewise are each recognized.

Nowhere in Section 77 nor in the decided cases do I find authority for this Court to say in advance to the Interstate Commerce Commission how, in what manner, or under what principles the Commission should go about the performance of the duty cast upon it by Section 77.

3. The petition of St. Joe Paper Company and of the Testamentary Trustees under the duPont Will (filed

---

1. I am, of course, aware that under Rule 52(a), F.R.C.P., 28 U.S.C.A., I am directed to set forth the findings of fact and conclusions of law which constitute the grounds of the granting or refusing of interlocutory injunctions. Rule 52(a) is applicable to Items 3 and 4 below. Technically, this memorandum may not fully satisfy the requirements of the rule.

If counsel for St. Joe Paper Company, for the Testamentary Trustees of the duPont Will, for the Conn group and the Welbon group, or for Mr. Kenan, or the other Directors wish to move for the filing of more detailed findings and conclusions respecting Items 3 and 4, the right to do so is recognized, and I will entertain such motion or motions.

April 5, 1955) seeking injunctive orders prohibiting the Atlantic Coast Line and all persons who are officers, directors or stockholders of the Debtor, without Court approval, from buying or selling the Debtor's stock, presenting, favoring, or supporting any plan of reorganization of the Debtor which would include merger or unification with the Atlantic Coast Line, or taking steps to assist the Atlantic Coast Line in any plan for unification with the Debtor; and from assuming in any way to act on behalf of or to speak for the Debtor in connection with any reorganization proceedings; is, in each aspect of said application, denied. I should certainly not prohibit the doing of what the appellate courts have indicated these parties have a plain right to do. Further and specifically, I find that there is no basis or justification in this record or in fact, other than imaginary, in any of the imputations and implications of fraud, bad faith, or indeed of improper action in any sense on the part of Mr. William R. Kenan, as president, stockholder and director of the Debtor, or on the part of any of the other directors.

4. This finding applies with equal force to the contentions made by the Welbon group and the Conn group of "combination, confederation and conspiracy" in and in support of their petition for injunction and other or alternative relief (filed April 22, 1955). This petition in its entirety is likewise denied.

5. The motion of the Trustee for the First and Refunding Bonds (filed April 22, 1955) seeks the disapproval of the plan and the dismissal of the reorganization proceedings. As indicated in numbered paragraph 1 above, the plan must be disapproved. The motion to dismiss the proceedings is denied.

### III. Form of Orders

The precise form of the order or orders to be entered carrying this memorandum into effect should be the subject of further hearing. This is so because one or more of the affected parties may desire to enter an appeal, and would perhaps prefer the entry of a separate order with respect to the disposition of the matters raised by that party. To accomplish these purposes, counsel for the affected parties are directed to appear before the Court on Saturday, July 23, 1955, at 10:00 A.M. for the settling of the order or orders to be entered.